## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Jeremy Hopkins, Brian Vizcarrondo** | : | |
| | : | |
| -and- | : | |
| | : | |
| **Jamie Hargis,** | : | |
| | : | |
| Individually and on behalf of other members of the general public similarly situated, | : | Civil Action No. 2:24-cv-3681 |
| | : | |
| | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| Plaintiffs, | : | |
| | : | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | : | |
| | : | |
| **Bassett Services Heating & Cooling, LLC** | : | **JURY DEMAND ENDORSED HEREON** |
| c/o Corporation Service Co. | : | |
| 1160 Dublin Rd., Ste. 400 | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| -and- | : | |
| | : | |
| **True North Heating, Cooling, & Electric, LLC** | : | |
| dba Bassett Services Heating & Cooling, LLC | : | |
| 1755 Mt. Vernon Rd | : | |
| Newark, OH 43055 | : | |

Defendants.

Now come Plaintiffs Jeremy Hopkins, Brian Vizcarrondo, and Jamie Hargis (collectively "Named Plaintiffs" or "Plaintiffs"), individually and on behalf of other members of the general public similarly situated, for their Complaint against Bassett Services Heating & Cooling, LLC ("Defendant BSHC"), and True North Heating, Cooling, & Electric, LLC ("Defendant True North") (collectively, "Defendants"). Named Plaintiffs seek all available relief under the Fair

Page **1** of **18**

Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to O.R.C. §§ 4111.01, 4111.03, 4111.08, 4111.10 and the OPPA are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I.    JURISDICTION AND VENUE

1.      This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II.    PARTIES

4.      All of the preceding paragraphs are realleged as if fully rewritten herein.

5.      Named Plaintiff Jeremy Hopkins ("Named Plaintiff Hopkins") is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

6. Named Plaintiff Hopkins was employed as an hourly, non-exempt employee by Defendants from approximately April of 2023 until July of 2024. Named Plaintiff Hopkins specifically worked as an electrical installer / technician.

7. Named Plaintiff Brian Vizcarrondo ("Named Plaintiff Vizcarrondo") is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

8. Named Plaintiff Vizcarrondo was employed as an hourly, non-exempt employee by Defendants from approximately June of 2023 until July of 2024. Named Plaintiff Vizcarrondo specifically worked as an electrical installer / technician.

9. Named Plaintiff Jamie Hargis ("Named Plaintiff Hargis") is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

10. Named Plaintiff Hargis was employed as an hourly, non-exempt employee by Defendants from approximately from approximately April of 2023 until July of 2024. Named Plaintiff Hargis specifically worked as an electrical installer / technician.

11. At all times relevant herein, Named Plaintiffs were hourly, non-exempt employees of Defendants as defined in the FLSA and the Ohio Acts.

12. Defendants are and have been, jointly and individually, "employers" of Named Plaintiffs, Opt-in Plaintiffs, and those similarly situated as that term is defined by the FLSA and O.R.C. Chapter 4111.

13. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). *Consents to be Party Plaintiff*, attached hereto as **Exhibit A**.

14.     At all times relevant to this action, Defendants have been jointly engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

15.     Each Defendant had gross revenue that exceeds $500,000.00 per year.

16.     Collectively, the Defendants have gross revenue that exceeds $500,000 per year.

17.     During all relevant times, Defendants jointly suffered and permitted Named Plaintiffs and those similarly situated to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay.

18.     Defendants are in possession and control of necessary documents and information from which Named Plaintiffs would be able to precisely calculate damages.

19.     Defendant BSHC is a foreign limited liability company that does substantial business in the Southern District of Ohio. Defendant BSHC operates a heating/cooling, electrical, plumbing, and related services installation and maintenance company.

20.     Defendant True North is a foreign limited liability company that does substantial business in the Southern District of Ohio. Defendant True North operates a heating/cooling, electrical, plumbing, and related services installation and maintenance company.

21.     Upon information and belief, Defendant True North was sold to, or was otherwise acquired by, Defendant BSHC while Named Plaintiffs, Opt-in Plaintiffs, and those similarly situated were employed by Defendant True North. Named Plaintiffs and those similarly situated continued working for Defendant BSHC after the sale.

22. During relevant times, Defendant True North and Defendant BSHC mutually benefitted from the work performed by Named Plaintiffs, Opt-in Plaintiffs, and similarly situated employees.

23. Prior to, during, and after the sale of Defendant True North to Defendant BSHC, Defendants True North and Defendant BSHC have each jointly operated their heating/cooling, electrical, plumbing, and related services installation and maintenance companies, and/or operated under each other's names.

24. By way of example, Defendant True North's website currently states that "True North is Now a Part of Bassett Services!" at the top of its home page.[1]

25. On November 7, 2023, Defendant BSHC published an article revealing an "updated brand identity" which provided Defendant BSHC had "partnered with ….True North Heating, Cooling & Electric, LLC". [2]

26. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiffs and similarly situated employees.

27. During relevant times, Defendants shared the services of Named Plaintiffs and similarly situated employees.

28. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiffs and similarly situated employees.

29. Because of the work performed by Named Plaintiffs and all other similarly situated employees benefited Defendant and directly or indirectly furthered their joint interests, Defendants

---

[1] *See* www.calltruenorth.com/about-us/, last visited July 9, 2024.
[2] *See* https://www.prweb.com/releases/bassett-services-llc-expanding-into-columbus-oh-cincinnati-oh-and-dayton-oh-301979987.html, last visited July 9, 2024.

are collectively the joint employers of Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated employees.

30.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

31.     During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

**III.    FACTUAL ALLEGATIONS**

32.     During all times relevant to this action, Named Plaintiffs, Opt-in Plaintiffs, and all of Defendants' other similarly situated non-exempt employees were entitled to overtime of one-and-one-half times (1.5x) their regular rate of pay for all hours worked over forty (40). *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

33.     However, Defendants, individually and jointly, failed to pay Named Plaintiffs, Opt-in Plaintiffs, and all of Defendants' other similarly situated non-exempt employees one-and-one-half times (1.5x) their regular rate of pay for all hours worked over forty (40).

34.     Named Plaintiffs regularly worked more than forty (40) hours per week for Defendants but were not paid one-and-one-half times (1.5x) their regular rate of pay for all hours worked over forty (40). *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

**A.    Defendants Failed to Pay Named Plaintiffs, Opt-in Plaintiffs, and Similarly Situated Employees all Overtime Wages Owed and instead paid a straight rate of pay for hours worked over 40 per week.**

35.     Defendants failed to properly compensate Named Plaintiffs, Opt-in Plaintiffs, and

other similarly situated hourly, non-exempt employees for all overtime hours worked at one-and-one-half times (1.5x) their regular rates of pay as required because Defendants instead paid only a straight hourly rate of pay for hours worked over 40 per week.

36.     By way of example, Defendant True North paid Named Plaintiff Vizcarrondo at his straight hourly rate of $25 per hour for all 48.25 hours worked for the pay period beginning September 9, 2023 and ending September 15, 2023, even though 8.25 hours should have been paid at a rate of at least one-and-one-half times (1.5x) his regular rate of pay.

37.     Defendant True North paid Named Plaintiff Vizcarrondo at his straight hourly rate of $25 per hour for all 41.95 hours worked for the pay period beginning August 26, 2023 and ending September 1, 2023, even though 1.95 hours should have been paid at a rate of at least one-and-one-half times (1.5x) his regular rate of pay.

38.     Defendant True North paid Named Plaintiff Hopkins at his straight hourly rate of $22 per hour for all 46.20 hours worked for the pay period beginning June 24, 2023 and ending June 30, 2023, even though 6.20 hours should have been paid at a rate of at least one-and-one-half times (1.5x) his regular rate of pay.

39.     Defendant BSHC paid Named Plaintiff Hopkins at his straight hourly rate of $25 per hour for all 66.47 hours worked for the pay period beginning June 8, 2024 and ending June 14, 2024, even though 26.47 hours should have been paid at a rate of at least one-and-one-half times (1.5x) his regular rate of pay.

40.     Defendant BSHC likewise failed to pay Named Plaintiff Vizcarrondo his overtime wages owed based on 47.33 hours worked for the pay period beginning March 23, 2024 and ending March 29, 2024. His paystub for this period lists only his straight hourly rate of $25[3] per

---

[3] Defendant BSHC actually failed to even pay Named Plaintiff Vizcarrondo his full straight rate of pay for all hours worked this pay period by paying him only $1,026.24 instead of $1,183.25 for his 47.33 recorded hours worked for that

hour for all 47.33 hours even though 7.33 hours should have been paid at a rate of at least one-and-one-half times (1.5x) his regular rate of pay but were not.

41.     As a result, Defendants owe the Named Plaintiffs and other similarly situated hourly employees unpaid overtime wages.

**B.     Defendants Failed to Pay Named Plaintiffs, Opt-in Plaintiffs, and Similarly Situated Employees all Overtime Wages by Failing to Include Commissions in Calculating Overtime Wages Owed.**

42.     Defendants also failed to properly compensate Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated non-exempt employees as required by the FLSA by failing to include and account for commissions paid in determining their "regular" rate and overtime rate due each workweek. 29 U.S.C. § 207(a)(1); 29 C.F.R.§ 778.109; 29 C.F.R.§ 778.117-118.

43.     By way of example, Defendant True North paid Named Plaintiff Hopkins at his straight hourly rate of $22 per hour for all 44.72 hours worked for the pay period beginning August 26, 2023 and ending September 1, 2023. Defendant True North also paid Named Plaintiff Hopkins $162.55 for "SALES COMM", or additional remuneration for this same pay period. Defendant True North should have included all remuneration in determining Named Plaintiff Hopkins' "regular" rate of pay that workweek as that term is defined by the FLSA and its relevant regulations and paid him the overtime wages owed. 29 U.S.C. § 207(a)(1); 29 C.F.R.§ 778.109; 29 C.F.R.§ 778.117-118.

44.     However, Defendant True North failed to do so, and in fact did not even pay Named Plaintiff Hopkins overtime wages based upon his *hourly* rate of $22 for that workweek.

45.     For the pay period beginning December 2, 2023 and ending December 8, 2023, Defendant True North paid Named Plaintiff Vizcarrondo additional remuneration of $19.99 in

pay period.

"SALES COMM" for a workweek in which he recorded 45.25 hours. For this workweek, Defendant True North paid Named Plaintiff Vizcarrondo for the 5.25 hours over 40 recorded at a rate of $37.50, or one-and-one-half times (1.5x) his **hourly** rate of $25. However, Defendant True North did not include the additional remuneration of $19.99 in determining Named Plaintiff Vizcarrondo's "regular" rate of pay that workweek as required by the FLSA. 29 U.S.C. § 207(a)(1); 29 C.F.R.§ 778.109; 29 C.F.R.§ 778.117-118.

46.    No exemption applies that would have permitted Defendants to exclude commissions paid to Named Plaintiffs, Opt-in Plaintiffs, and other similarly situated non-exempt employees from their "regular" rate of pay calculations as required by the FLSA. 29 U.S.C. § 207(a)(1); 29 C.F.R.§ 778.109; 29 C.F.R.§ 778.117-118.

47.    As a result, Defendants owe the Named Plaintiffs and other similarly situated hourly employees unpaid overtime wages.

### C.    Defendants made Improper Wage Deductions from Named Plaintiffs and Similarly Situated Employees' Weekly Paychecks in Violation of the FLSA.

48.    Defendants additionally violated the FLSA by making illegal deductions from the Named Plaintiffs, Opt-in Plaintiffs, and similarly situated employees' paychecks as all wages (including overtime wages) must be paid free and clear and not subject to any kickbacks. *See* 29 CFR § 531.35.

49.    Defendants deducted amounts from Named Plaintiffs, Opt-in Plaintiffs, and similarly situated employees to cover the costs of tools and equipment that Defendants required its employees to purchase for work and which benefited only Defendants.

50.    These deductions were typically $50 per week for the duration of their employment with Defendants, but could vary in amount.

51. The deductions were described as "Mt Tls" on their paychecks under the deductions "Other" section.

52. The repeated wage deductions taken by Defendants from Named Plaintiffs, Opt-in Plaintiffs, and similarly situated employees' paychecks constituted illegal kickbacks and cut into the overtime wages owed to Named Plaintiffs, Opt-in Plaintiffs, and similarly situated employees in workweeks where overtime wages were earned but not properly paid.

53. These payroll deductions for tools and/or equipment which Defendants *required* Named Plaintiffs, Opt-in Plaintiffs, and similarly situated employees to use for employment and were solely for the benefit of Defendants.

54. Defendants never had the legal authority to make the unlawful kickbacks/wage deductions at issue in this action, and Named Plaintiffs, Opt-in Plaintiffs, and similarly situated employees cannot waive their rights to be protected by the FLSA, including the protections of 29 CFR § 531.35.

55. These improper deductions violated 29 CFR § 531.35.

56. As a result, Defendants owe the Named Plaintiffs and other similarly situated hourly employees unpaid overtime wages.

## IV. COLLECTIVE AND CLASS ALLEGATIONS

57. Named Plaintiffs bring their FLSA claim pursuant to Section 216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in collective, consisting of the following:

> All current and/or former employees of either Defendant who work
> / worked as an hourly, non-exempt employee and who (i) were
> paid straight time for hours worked over 40 in any workweek, or
> (ii) were paid commissions in any workweek with over 40 hours

worked, or (iii) were subjected to paycheck deductions for tools / equipment in any workweek with over 40 hours worked, during the period from July 10, 2021 through the disposition of this case. (the "FLSA Collective" or the "FLSA Collective Members").

58. Named Plaintiffs further reserve the right to amend the definition of the putative collective action class, or sub-classes therein, if discovery and further investigation reveal the class should be expanded or otherwise modified.

59. Examples of employees that may be members of the FLSA Collective include but are not limited to electricians / electrical installers, heating, ventilation, and/or air conditioning ("HVAC") service technicians and/or HVAC installers and/or HVAC assistants, plumbers, and/or other hourly, non-exempt employees of Defendants.

60. This FLSA claim is brought as an "opt-in" collective action pursuant to Section 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous FLSA Collective Members have been denied proper overtime compensation due to Defendants' companywide payroll policies and/or practices. Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

61. The identities of the FLSA Collective Members are known to Defendants and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to Section 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

62. Named Plaintiffs bring their Ohio Wage Act claims pursuant to Rule 23 as a class action on behalf of themselves and all other members of the following class:

All current and/or former Ohio employees of either Defendant who work / worked as an hourly, non-exempt employee and who (i) were paid straight time for hours worked over 40 in any workweek, or (ii) were paid commissions in any workweek with over 40 hours worked, or (iii) were subjected to paycheck deductions for tools / equipment in any workweek with over 40 hours worked, during the period from July 10, 2022 through the disposition of this case. (the "Rule 23 Class" or the "Rule 23 Class Members").

63. The Rule 23 Class similarly includes but is not limited to electricians / electrical installers, heating, ventilation, and/or air conditioning ("HVAC") service technicians and/or HVAC installers and/or HVAC assistants, plumbers, and/or other hourly, non-exempt employees of Defendants who worked throughout Ohio. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

64. Named Plaintiffs are members of the Rule 23 Class, and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

65. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

66. Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

67. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

68. Questions of law and fact are common to the Rule 23 Class.

69. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

70. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory

and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

71.    Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

72.    Questions of law and fact that are common to the Rule 23 Class include, but are not limited to, the following: (a) whether Defendants violated the Ohio Acts by failing to pay the Rule 23 Class for hours worked, including those in excess of forty hours per week, and/or by making improper deductions from the Rule 23 Class's paychecks; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the Ohio Wage Act; (d) whether Defendants' violations of the Ohio Acts were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiffs and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Acts; and (f) what amount of prejudgment interest is due to the Rule 23 Class Members for overtime or other compensation that was withheld or otherwise not paid to them.

73.    A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claim and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and their counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the

efficiencies of class litigation.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

74.     All of the preceding paragraphs are realleged as if fully rewritten herein.

75.     This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective Members.

76.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week at one-and-a-half times (1.5x) their regular rates of pay for those overtime hours. 29 U.S.C. § 207(a)(1).

77.     During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiffs and the FLSA Collective Members.

78.     Named Plaintiffs and the FLSA Collective Members were paid on an hourly basis when working in non-exempt positions.

79.     Named Plaintiffs and the FLSA Collective Members regularly worked in excess of forty (40) hours in a workweek.

80.     Defendants violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek as a result of their FLSA-violating policies.

81.     Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

82.     Defendants knowingly and willfully failed to pay Named Plaintiffs and the FLSA Collective Members all overtime wages that they were due.

83.     The exact amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were otherwise not kept by Defendants.

84.     As a direct and proximate result of Defendants' conduct, Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, pre- and post-judgment interest and attorneys' fees, and all other remedies available on behalf of themselves and the FLSA Collective Members.

### SECOND CAUSE OF ACTION: O.R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

85.     All of the preceding paragraphs are realleged as if fully rewritten herein.

86.     This claim is brought under Ohio law.

87.     Named Plaintiffs and the Rule 23 Class Members have been employed by Defendants, and Defendants jointly are employers covered by the overtime requirements under Ohio law.

88.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." O.R.C. § 4111.03(A); *see also* 29U.S.C. § 207(a)(1) (stating same).

89.     While jointly employed by Defendants, Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid at the overtime rate for all this time spent working.

90.     As a result of Defendants' companywide policies, they jointly failed to pay Named Plaintiffs and the Rule 23 Class Members all overtime wages owed, resulting in unpaid overtime.

91.     Named Plaintiffs and the Rule 23 Class Members were not exempt from the wage protections of Ohio law.

92.     Defendants' repeated and knowing failure to pay all overtime wages owed to Named Plaintiffs were violations of Section 4111.03, and, as such, Defendants willfully withheld and failed to pay all overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

93.     For Defendants' violations of Section 4111.03, Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the Rule 23 Class Members.

### THIRD CAUSE OF ACTION:
### O.R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

94.     All of the preceding paragraphs are realleged as if fully rewritten herein.

95.     For the relevant time period, Named Plaintiffs and the Rule 23 Class Members have been employed by Defendants.

96.     During relevant times, Defendants were jointly covered by the OPPA, and Named Plaintiffs and the Rule 23 Class Members have been jointly employed by Defendants within the meaning of the OPPA.

97.     The OPPA requires that Defendants pay all of Named Plaintiffs and the Rule 23 Class Members' wages, including unpaid overtime, (1) on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the

fifteenth day thereof, and (2) on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

98.     During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay, within thirty (30) days of performing work for Defendants. *See* O.R.C. § 4113.15(B).

99.     Named Plaintiffs' and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

100.     In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendants, and for an Order:

A.     Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to Section 216(b);

C.     Certifying the proposed Rule 23 Class under Ohio law;

D.     Awarding to Named Plaintiffs and the FLSA Collective Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

E.     Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by Ohio law;

F.     Awarding to Named Plaintiffs, the FLSA Collective Members, and the Rule 23

Class Members costs, disbursements, pre- and post-judgment interest, and reasonable allowances for fees of counsel and experts as well as reimbursement of other such expenses;

G.    Awarding to Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

H.    Issuing an injunction prohibiting Defendants from engaging in present, ongoing, and future violations of Ohio law;

I.    Granting to Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

J.    Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

/s/ Peter Contreras
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiffs and*
*those similarly situated*

## JURY DEMAND

Named Plaintiffs request a trial by a jury of eight (8) persons.

/s/ Peter Contreras
Peter Contreras (0087530)